PER CURIAM.
A mother appeals an order terminating her parental rights to her child. She argues that the trial court’s findings are not supported by the evidence. We disagree and affirm.
We have reviewed the record. Numerous witnesses testified to the efforts made to educate the mother on proper parenting skills, to help the mother with mental health issues and to understand the importance of medication compliance, and the need to provide a stable environment for the child. Despite the intervention of Healthy Start, Healthy Families, Family Preservation Services, and New Horizons, little progress was made to warrant reunification between the mother and the child.
As the trial court found, “substantial credible evidence and testimony” supported the finding that the mother “engaged in conduct toward the child ... that demonstrates that the continuing involvement of the parent ... threatens the life, safety, well-being, or physical, mental or emotional health of the child.” See § 39.806(l)(c), Fla. Stat. (2010). The trial court’s order is replete with detailed facts supporting this finding. See, e.g., D.B. v. Dep’t of Children & Families, 87 So.3d 1279, 1280 (Fla. 4th DCA 2012) (finding that the trial court’s “numerous findings of fact” supported termination of parental rights).
The court found no suitable permanent custody arrangement with a relative existed. However, it is likely that adoptive parents will be found. It is thus in the manifest best interest of the child to terminate the mother’s parental rights. We agree that termination is the least restrictive means of protecting the child and to ensure the ultimate welfare and best interest of the child given the facts of the case. We therefore affirm.

Affirmed.

MAY, C.J., HAZOURI and DAMOORGIAN, JJ., concur.